IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA M. KROKOS, <br> JAMES K. KROKOS, husband and wife, <br> individually and collectively as the next friend <br> and parents of K.I.K., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> )    C.A. No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs, Christina Krokos, James Krokos, and "K.I.K.", for their Complaint against the United States of America, allege the following upon knowledge and information with respect to their own actions and upon belief with respect to all other allegations:

### THE PARTIES

1. The plaintiffs are Christiana Krokos, James Krokos, and K.I.K.. Christina and James Krokos are husband and wife and the parents of minor K.I.K.. Mr. and Mrs. Krokos bring this action individually and collectively as the next friend of K.I.K. pursuant to Fed. R. Civ. P. 17(c).

2. The defendant is the United States of America. Pursuant to the Federal Tort Claims Act (the "FTCA"), the United States of America is the proper defendant under the FTCA for the acts and omissions of the United States Air Force (the "USAF"), a military department of the United States, and its employees and agents.

3. At all relevant times hereto, Steven Brumfield, M.D., was (i) an agent, servant and/or employee of the USAF, (ii) acting within the scope of his office or employment as an agent,

servant and/or employee of the USAF, (iii) a physician licensed to practice medicine in the state of Delaware, and (iv) a "Health Care Provider" within the meaning of 18 *Del C.*, Chapter 68.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

5. On August 16, 2006, plaintiffs submitted claims to the USAF pursuant to the FTCA. The USAF failed to make a final disposition of plaintiffs' claims within the six-month period provided in the FTCA.

6. On February 16, 2007, plaintiffs notified the USAF that, pursuant to 28 U.S.C. § 2675, they were treating the USAF's failure to make a final disposition of the claims as a final denial of those claims. A copy of plaintiffs' February 16, 2007 letter to the USAF is attached hereto as **Ex. A**.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1402(b).

## COUNT I

8. On October 1, 2004, Dr. Brumfield, an employee or agent of the USAF, performed a forceps delivery of Christina Krokos's son, K.I.K., at Kent General Medical Center, located in Dover, Delaware. The delivery lasted approximately four hours and forty minutes, and was complicated by shoulder dystocia.

9. Dr. Brumfield accepted the responsibility and duty of providing appropriate and adequate medical care to Mrs. Krokos in accordance with the applicable standards of medical care.

10. In accepting these responsibilities, Dr. Brumfield assumed the duty to Mrs. Krokos to exercise reasonable medical care to Mrs. Krokos in the performance of his duties and responsibilities.

11. Dr. Brumfield was negligent and deviated from the applicable standard of care in one or more of the following respects, in that he:

(a) Failed to perform a cesarean delivery under the circumstances;

(b) Failed to perform an episiotomy under the circumstances, including, but not limited to the presence of shoulder dystocia and the use of forceps; and

(c) Committed other negligent and careless acts in his treatment of Mrs. Krokos, including, but not limited to, in his use of the forceps, in violation of the applicable standard of care for health care providers under the same or similar circumstances.

12. As a direct and proximate result of the negligence of Dr. Brumfield, Mrs. Krokos suffered a fourth degree perineal laceration, which resulted in her fecal incontinence and Mrs. Krokos having to undergo an anal sphincteroplasty and a corrective procedure to repair the laceration. Mrs. Krokos suffers from incontinence and substantial emotional and physical pain as a direct and proximate result of the October 1, 2004 delivery. Moreover, Mrs. Krokos has been advised that she will be unable to have another vaginal delivery as a direct result of the injuries she suffered due to the defendants' negligence. Mrs. Krokos's marriage and quality of life have been significantly impacted by the medical and psychological trauma caused by the defendant's negligence. Mrs. Krokos has also lost substantial uncompensated time from work because of her injuries.

WHEREFORE, plaintiffs demand judgment against defendant for all damages permitted by law, including medical expenses and lost wages, together with reasonable attorneys' fees, interest and costs.

## COUNT II

13. Plaintiffs incorporate paragraphs 1 through 12 of this Complaint with the same force and effect as if the same were fully set forth herein at length.

14. Dr. Brumfield accepted the responsibility and duty of providing appropriate and adequate medical care to K.I.K. in accordance with the applicable standards of medical care.

15. In accepting these responsibilities, Dr. Brumfield assumed the duty to K.I.K. to exercise reasonable medical care to K.I.K. in the performance of his duties and responsibilities.

16. Dr. Brumfield was negligent and deviated from the applicable standard of care in one or more of the following respects, in that he:

   (a) Failed to perform a cesarean delivery under the circumstances;

   (b) Failed to perform an episiotomy under the circumstances, which included the presence of shoulder dystocia and the use of forceps; and

   (c) Committed other negligent and careless acts in his treatment of K.I.K. including, but not limited to, in his use of the forceps, in violation of the applicable standard of care for health care providers under the same or similar circumstances.

17. As a direct and proximate result of the negligence of Dr. Brumfield, K.I.K. sustained an injury to his right eye, consistent with a forceps injury. As a result of these injuries, K.I.K.'s right eye has corneal scarring, astigmatism, and is nearsighted. Some or all of these injuries may be permanent in nature, and K.I.K. is at risk of having permanent amblyopia. Additionally, K.I.K. is an increased risk of developing corneal swelling in the future, which may necessitate a cornea transplant when he reaches adulthood. Additionally, K.I.K., through his parents, has incurred and may continue to incur medical expenses to treat his injuries.

WHEREFORE, plaintiffs demand judgment against defendant for all damages permitted by law, including medical expenses, together with reasonable attorneys' fees, interest and costs.

## COUNT III

18. Plaintiffs incorporate paragraphs 1 through 17 of this Complaint with the same force and effect as if the same were fully set forth herein at length.

19. By reason of the facts set forth in the preceding paragraphs, Mr. Krokos has been deprived of the society, services and consortium of his wife, Mrs. Krokos, and such deprivation will continue into the future.

WHEREFORE, plaintiffs demand judgment against defendant for all damages permitted by law together with reasonable attorneys' fees, interest and costs.

ASHBY & GEDDES

*/s/ Randall E. Robbins*

Randall E. Robbins (I.D. No. 2059)
Joseph C. Handlon (I.D. No. 3952)
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel: (302) 654-1888
Fax: (302) 654-2067

*Attorneys for Plaintiffs*

Date:  August 1, 2007
178715.1

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **- 0 7 - 4 7 8 -**

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

_____AUG 0 1 2007_____      _____/s/ Tom Gildea_____
(Date forms issued)             (Signature of Party or their Representative)

_____Tom Gildea_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James K. Krokos, Christina M. Krokos, & K. I. K.

**DEFENDANTS**
United States of America

(b) County of Residence of First Listed Plaintiff: **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Randall E. Robbins, Ashby & Geddes, 500 Delaware Ave. P.O. Box 1150, Wilmington, DE 19899

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☒ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: **Medical negligence suit against U.S.A. arising out of injuries sustained during childbirth**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8-2-07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:      U.S. Civil Statute: <u>47 USC 553</u>
                                                                    Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.