IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA M. KROKOS,<br>JAMES K. KROKOS, husband and wife,<br>individually and collectively as the next friend<br>and parents of K.I.K., a minor, | )<br>)<br>)<br>) | C.A. No. 07-478-MPT |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| UNITED STATES OF AMERICA, | )<br>)<br>) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs will take the deposition of Bayhealth Medical Center, Inc. at a date and time convenient for all parties, at the law offices of Ashby & Geddes, 500 Delaware Avenue, 8th Floor, Wilmington, Delaware 19801 or some other agreed upon location.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, deponent is commanded to produce at the deposition one or more of its officers, directors, or managing agents, or other persons who consent to testify with the most knowledge regarding the subjects on the attached page.

ASHBY & GEDDES

/s/ Randall E. Robbins (#2059)
Randall E. Robbins (#2059)
Joseph C. Handlon (#3952)
500 Delaware Avenue
8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
*Attorneys for Plaintiffs*

Dated: April 16, 2008

{00204332;v1}

## DEFINITIONS

1. "Document" is used herein as that term is used under Federal Civil Procedures Rule 34.

2. "Person" refers to any person, corporation, or other entity.

3. "You" or "Bayhealth Medical Center, Inc." includes Kent General Hospital.

4. "Concerning" means relating, referring, reflecting, constituting, describing, or evidencing.

5. "Labor and Delivery" refers to Christina Krokos' presentation on September 30, 2004 to Kent General Hospital in labor and the delivery of her son, Kyle Krokos, on October 1, 2004.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

Bayhealth Medical Center, Inc. shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf regarding the following matters:

1. Identify all employees of Kent General Hospital who assisted with and/or observed the labor and delivery and postpartum care of Christina Krokos beginning September 30, 2004 through October 3, 2004 that the United States did not identify in the attached discovery response numbers 3 and 5.

2. Identify all other individuals who assisted with and/or observed the labor and delivery and postpartum care of Christina Krokos beginning September 30, 2004 through October 3, 2004.

3. Identify all employees of Kent General Hospital who documented information in the medical records of Christina Krokos beginning September 30, 2004 through October 3, 2004 that the United States did not identify in the attached discovery response numbers 3 and 5.

{00204332;v1}

4.  Identify all other individuals who documented information in the medical records of Christina Krokos beginning September 30, 2004 through October 3, 2004.

5.  Identify all incident reports or other writings relating to the labor and delivery of Christina Krokos.

6.  Identify all individuals who were involved with the care and treatment of Kyle I. Krokos from October 1, 2004 through October 7, 2004.

7.  Identify all individuals who documented information in the medical records of Kyle I. Krokos from October 1, 2004 through October 7, 2004.

8.  Identify all incident reports or other writings relating to the labor and delivery of Christinia Krokos concerning the injury sustained by Kyle Krokos on October 1, 2004.

**3.    Identify all persons responsible for documenting all information relating to or concerning the labor and delivery.**

RESPONSE:

3.    The United States objects to Interrogatory No. 3 on the grounds that it is vague, overly broad and unduly burdensome. Plaintiffs request the United States to identify "all persons responsible for documenting all information relating to or concerning the labor and delivery," without limitation as to the time, place or purpose of the documentation, nor is it clear what Plaintiffs mean in this context by "documenting" or "all information concerning the labor and delivery." The United States further objects to Interrogatory No. 3 to the extent it seeks the release of information that is privileged and immune from release or discovery pursuant to 10 U.S.C. § 1102, as Quality Assurance/Risk Management information, or that is privileged as attorney work product or under the attorney-client privilege. Without waiver of the foregoing objections, the United States identifies Dr. (Capt) Steven Brumfield, who managed Christina Krokos' labor and delivery of K.I.K. and accomplished medical record entries pertinent to the labor and delivery. Dr Brumfield is no longer on active duty with the United States Air Force, but can be reached through the undersigned. The United States also identifies Dr. Robert Cates, the civilian OB/GYN who first assessed Christina Krokos when she presented on September 30, 2004, in labor to Kent General Medical Center, 640 South State Street, Dover, Delaware 19901, as someone who accomplished medical record entries pertinent to the labor and delivery, and Lisa Blake, one of the nursing staff who monitored Christina Krokos at Kent General Medical Center, 640 South State Street, Dover, Delaware 19901. Multiple other employees of Kent General Hospital documented information and observations in the labor and delivery record, and that facility will have to identify those persons.

**4.    Identify all policies, procedures, rules, guidelines, standards and/or recommendations that relate to or concern the standard of care applicable to labor and delivery.**

RESPONSE:

4.    The United States objects to Interrogatory No. 4 on the grounds that it is vague, overly broad and unduly burdensome. The sources of "policies, procedures, rules, guidelines, standards and/or recommendations that relate to or concern the standard of care applicable to Labor and delivery" are innumerable and impossible to identify. The United States further objects to Interrogatory No. 4 on the grounds that this is not a proper subject for an Interrogatory. When the United States identifies the expert witnesses whom it intends to call to testify in deposition or at trial of this matter, it will, in accordance with any scheduling order of the Court and the Federal Rules of Civil Procedure, disclose all reports of such experts and make such experts available for deposition, during which they can be asked to identify all learned treatises and other relevant publications and any other sources which they believe establish the standards of care applicable to labor and delivery.

**5.    Identify all persons that participated in and/or witnessed the labor and delivery.**

RESPONSE:

5.    The United States identifies Dr. (Capt) Steven Brumfield, who managed Christina Krokos' labor and delivery of K.I.K. The United States also identifies Dr. Robert Cates, the civilian OB/GYN who first assessed Christina Krokos when she presented on 30 September 2004 in labor to Kent General Medical Center, 640 South State Street, Dover, Delaware 19901. The United States also identifies Lisa Blake, one of the nursing staff who monitored Christina

Krokos at Kent General Medical Center, 640 South State Street, Dover, Delaware 19901. Multiple other employees of Kent General Hospital documented information and observations in the labor and delivery record, and that facility will have to identify those persons.

**6. If you believe any healthcare provider violated, breached, and/or did not adhere to the applicable standard of care with respect to any medical care or service rendered to plaintiffs, describe with particularity the violation, breach and/or failure to adhere to the standard of care by each such healthcare provider, what acts or omissions were required under the applicable standard of care; and identify all persons with knowledge of any facts that you rely upon in support of this contention.**

RESPONSE:

6. The United States does not believe, and specifically denies, that any healthcare provider who was an employee of the United States violated, breached or failed to adhere to the standard of care with respect to any medical care or service rendered to plaintiffs. At this time, and subject to further discovery, to the best knowledge and belief of the United States, no other healthcare providers violated, breached or failed to adhere to the standard of care with respect to any medical care or service rendered to plaintiffs. The United States specifically reserves the right to raise such a defense if evidence that a healthcare provider not employed by the United States violated, breached, and/or did not adhere to the applicable standard of care with respect to any medical care or service rendered to plaintiffs is disclosed in the course of discovery.

**7. If you contend that the injuries sustained by the plaintiffs were the result of prior or subsequent injuries or conditions, give a concise statement of the facts upon which you rely and identify all persons with knowledge of such facts.**

RESPONSE:

7. At this time, and subject to further discovery, the United States does not contend that the injuries sustained by the plaintiffs were the result of prior or subsequent injuries or conditions.